# GUY OUTLAW *v.* CITY OF MERIDEN ET AL.
## (14794)
## (14974)

Landau, Schaller and Hennessy, Js.

Argued May 2—officially released October 1, 1996

*Christopher P. Hankins,* deputy city attorney, with whom, on the brief, was *Megan J. Green,* staff attorney, for the appellants-appellees (named defendant et al.).

*Richard W. Gifford,* for the appellee-appellant (plaintiff).

LANDAU, J. The defendants[1] appeal from the judgment of the trial court, rendered after a jury trial, in favor of the plaintiff, Guy Outlaw. The plaintiff cross appeals challenging the summary judgment in favor of the defendants as to count one of the plaintiff's revised complaint.

The defendants claim that the trial court improperly (1) denied their motions to set aside the verdict and for judgment notwithstanding the verdict in that the defendants could not be found liable for false imprisonment or false arrest because the plaintiff was lawfully restrained and (2) instructed the jury as to the principles of (a) false arrest and false imprisonment, (b) exculpatory information and criminal investigation, (c) probable cause and (d) the identifiable person subject to imminent harm exception to the general rule of governmental immunity.

In his cross appeal, the plaintiff claims that the trial court improperly granted the defendants' motion for summary judgment as to count one of his complaint because material factual issues existed as to the applicability of the doctrine of qualified immunity.

The jury could reasonably have found the following facts. The plaintiff was arrested on robbery charges

---

[1] The defendants are the city of Meriden and the following individual members of the Meriden police department: Chief Robert Kosienski, Detective Joseph Salafia and Officer Timothy Murphy. The appeal was filed by the city and Salafia.

stemming from an incident that occurred in Meriden on September 15, 1990. Following the incident, an investigation was commenced by Officers Joseph Salafia and Timothy Murphy of the Meriden police department. Subsequently, Salafia filed an affidavit in support of an arrest warrant application that resulted in a finding of probable cause by a judge and the issuance of a warrant for the plaintiff's arrest. On the eve of trial, a principal witness disclosed that she had been untruthful in her statements to the police and that the plaintiff had not committed the crime. The charges against the plaintiff were then dismissed.

In count one of the complaint, the plaintiff alleged a violation of his civil rights in violation of 42 U.S.C. § 1983, to which the defendants interposed a special defense of qualified immunity. The remaining counts, counts two, three and four, alleged claims of false arrest, false imprisonment and malicious prosecution, to which the defendants interposed a special defense sounding in governmental immunity. The plaintiff sought damages from the defendants, the city of Meriden, Robert Kosienski, Salafia and Murphy. The trial court granted the defendants' motion for summary judgment on the civil rights count and denied the motion as to the remaining counts.

I

THE APPEAL

The defendants' appeal raises two main issues: the refusal of the trial court to grant their motions to set aside the verdict and for judgment notwithstanding the verdict, and the court's instructions to the jury. We begin our analysis with the issues raised regarding the motions to set aside the verdict and for judgment notwithstanding the verdict.

As a threshold matter, the plaintiff asserts that the defendants' claim is unpreserved and that our standard

of review is therefore limited to plain error. The defendants maintain that the claim was properly preserved in that an exception was taken after the court's charge even though the exception may not have been taken as distinctly and clearly as it could have been. In any event, the defendants argue that the motions to set aside the verdict and for judgment notwithstanding the verdict sufficiently alerted the court so as to comply with the rule requiring the preservation of claims.

The defendants argue in the alternative that, even if the claim is unpreserved, plain error is apparent because, as a matter of law, probable cause existed for the issuance of the arrest warrant and that probable cause had been determined by the issuing magistrate and was not to be determined by a jury at a later date. The defendants argue that the existence of the error is so obvious that it affected the fairness and integrity of and public confidence in the judicial proceedings. See *State* v. *Groomes*, 232 Conn. 455, 467, 656 A.2d 646 (1995). Furthermore, the defendants assert that our review is justified under these circumstances because "consideration of the question is in the interest of public welfare or of justice between the parties." (Internal quotation marks omitted.) *Skrzypiec* v. *Noonan*, 228 Conn. 1, 15, 633 A.2d 716 (1993).

Our review of the record reveals that the defendants properly preserved the issues they raise on appeal. Therefore, we will address the merits. At the close of the plaintiff's case, the defendants made a motion for a directed verdict. The trial court denied the motion in part.[2] Following the trial, the defendants filed motions to set aside the verdict and for judgment notwithstanding the verdict pursuant to Practice Book §§ 320 and 321. The motions were denied.

---

[2] The trial court granted the motion as to the third count, malicious prosecution.

A verdict is set aside, and a contrary verdict directed when the jurors could not reasonably and legally have reached the conclusion they had reached. *Berry* v. *Loiseau*, 223 Conn. 786, 819, 614 A.2d 414 (1992); *Maroun* v. *Tarro*, 35 Conn. App. 391, 396, 646 A.2d 251, cert. denied, 231 Conn. 926, 648 A.2d 164 (1994). When we are requested to determine whether the jury could not legally have reached its decision, we must "determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. . . . [O]ur sole responsibility is to decide whether, on the evidence presented, the jury could fairly have reached the conclusion it did." (Citations omitted; internal quotation marks omitted.) *Skrzypiec* v. *Noonan*, supra, 228 Conn. 10–11. While the trial judge has discretion in deciding whether to grant such a motion, the decision will be overturned if it constitutes an abuse of discretion. Id.

The defendants argue that their motions to set aside the verdict and for judgment notwithstanding the verdict should have been granted because the verdict was against the evidence. The defendants argue that the evidence presented at trial furnished no reasonable basis for the jury's verdict. Specifically, the defendants assert that there was no evidence other than that which established that standard police procedures were followed.

In the first count, sounding in a 42 U.S.C § 1983 civil rights claim, the plaintiff alleged that "said warrant was obtained upon allegations which were false and misleading and were known to the defendants and deprived plaintiff of his liberty without due process of law and caused the injuries." In the second and third counts alleging false arrest and false imprisonment, the plaintiff again alleged and repeated "paragraphs 1 through 14 of the first count." In the last paragraph of count two, the plaintiff alleged that he "did not commit an

offense and [the] [d]efendants did not have reason to believe that he was involved in the robbery and [the] defendant[s'] actions resulted in the false arrest of [the] [p]laintiff." The plaintiff repeated the same language in the third count except that he inserted the phrase "false imprisonment" in place of the phrase "false arrest."

Although the plaintiff pleaded a count alleging false arrest and a count sounding in false imprisonment, the applicable law for these two causes of action is identical. "False imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another." *Green* v. *Donroe*, 186 Conn. 265, 267, 440 A.2d 973 (1982). The plaintiff, in the second and third counts of his complaint, failed to allege that his physical liberty was unlawfully restrained by the defendants.

Further, nearly 180 years ago, our Supreme Court in *Luddington* v. *Peck*, 2 Conn. 700, 701–702 (1818), held that there is no cause of action for false imprisonment if the plaintiff was arrested pursuant to a facially valid warrant. The rule has been followed through the years by our courts; see *Whitten* v. *Bennett*, 86 F. 405, 406 (2d Cir. 1898); *Clewley* v. *Brown Thompson, Inc.*, 120 Conn. 440, 444, 181 A. 531 (1935); *McGann* v. *Allen*, 105 Conn. 177, 188, 134 A. 810 (1926); *Lo Sacco* v. *Young*, 20 Conn. App. 6, 19, 564 A.2d 610, cert. denied, 213 Conn. 808, 568 A.2d 793 (1989); and continues to be the law in this jurisdiction. " 'If the defendant complies with the formal requirements of the law, as by swearing out a valid warrant, so that the arrest of the plaintiff is legally authorized, the court and its officers are not his agents to make the arrest, and their acts are those of the law and the state, and not to be imputed to him. He is therefore liable, if at all, only for a misuse of legal process to effect a valid arrest for an improper purpose. The action must be for malicious prosecution, upon proof of malice and want of probable cause, as well as termination of the proceeding in favor of the plaintiff.' "

*Lo Sacco* v. *Young*, supra, 20, quoting W. Prosser, Torts (4th Ed. 1971) § 11.

Because there is no dispute that the plaintiff was arrested pursuant to process, that is, by an arrest warrant, the issue is whether the subsequent police restraint of the plaintiff was done pursuant to an arrest warrant that was valid on its face. Our Supreme Court defined the phrase "valid on its face" in *Aetna Ins. Co.* v. *Blumenthal*, 129 Conn. 545, 553, 29 A.2d 751 (1943), when it stated that "[u]nless there is a clear absence of jurisdiction on the part of the court or magistrate issuing the process, it is sufficient if upon its face it appears to be valid in the judgment of an ordinarily intelligent and informed layman."

Here, the plaintiff's complaint does not allege the invalidity of the arrest warrant. Accordingly, we must assume it to have been valid on its face. *McGann* v. *Allen*, supra, 105 Conn. 187. Because the plaintiff has not alleged false imprisonment based on a detention without process, or under a process void on its face, or under a process valid on its face but procured by one without having any cause of action, the defendants cannot be held liable for false imprisonment.

Because of the presumption of regularity, the plaintiff was obliged to present evidence to the effect that (1) the judge did not have the authority or jurisdiction to issue the warrant, (2) the judge did not have jurisdiction over the plaintiff, (3) there was an obvious irregularity on the face of the warrant, or (4) the procedures normally taken to issue a warrant were omitted. At trial, the plaintiff failed to present any such evidence, which, when taken in the light most favorable to him, would show that he sustained his burden of proof. The plaintiff was restrained pursuant to a valid arrest warrant issued by a court with jurisdiction over the matter. He was, therefore, lawfully restrained. Because we conclude

that the jury could not have legally found that the defendants had falsely imprisoned the plaintiff, the defendants' claim that the instructions were improper is moot, and, thus, we will not address it. See *State* v. *Smith*, 207 Conn. 152, 178, 540 A.2d 679 (1988).

## II

## THE CROSS APPEAL

In his cross appeal, the plaintiff claims that the trial court improperly granted the defendants' motion for summary judgment as to 42 U.S.C. § 1983 when it ruled that a qualified immunity existed.

"The standards governing our review of a trial court's decision on a motion for summary judgment are clear. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment . . . the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . .

"Equally well settled is that the trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . ." (Citations omitted; internal quotation marks omitted.) *Fleet Bank*,

*N.A.* v. *Galluzzo*, 33 Conn. App. 662, 665–66, 637 A.2d 803 (1994).

State courts follow federal precedent in interpreting the doctrine of qualified immunity. *Martinez* v. *California*, 444 U.S. 277, 284 n.8, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980). "The Supreme Court has expressly encouraged the use of summary judgment when qualified immunity is raised as a defense. The objective reasonableness test was designed to facilitate this summary device as a means quickly to extricate government officials from defending insubstantial suits." *Cartier* v. *Lussier*, 955 F.2d 841, 844 (2d Cir. 1992).

"As a general rule, police officers are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Oliveira* v. *Mayer*, 23 F.3d 642, 648 (2d Cir. 1994). "Even defendants who violate constitutional rights enjoy a qualified immunity that protects them from liability for damages unless it is further demonstrated that their conduct was unreasonable under the applicable standard." *Davis* v. *Scherer*, 468 U.S. 183, 190, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984). As a matter of public policy, "the qualified immunity defense . . . provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley* v. *Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

"Normally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause . . . and a plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden . . . . In order to meet such a challenge, the plaintiff must make a substantial preliminary show-

ing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was necessary to the finding of probable cause." (Citations omitted; internal quotation marks omitted.) *Golino* v. *New Haven*, 950 F.2d 864, 870 (2d Cir. 1991), cert. denied sub nom. *Lillis* v. *Golino*, 505 U.S. 1221, 112 S. Ct. 3032, 120 L. Ed. 2d 902 (1992).

A close scrutiny of the affidavits submitted by the parties in this case clearly demonstrates there are no material facts in dispute. The trial court properly found, and we agree, that "two witnesses who had been in the bar on the night of the incident originally independently identified the plaintiff's brother, Joseph Outlaw, as the perpetrator. In fact, Joseph Outlaw had been incarcerated at the time of the incident, but because of the physical resemblance between the brothers, the defendant Salafia arranged two more photo lineups using the plaintiff's picture. This time, both witnesses identified the plaintiff as the perpetrator. It should be noted that although a photograph of George Turner, who was eventually identified as the real assailant, had been included in the photo lineup, neither witness identified Turner as the perpetrator.

"The defendant Salafia and the assistant state's attorney prosecuting the case interviewed Effie Peters, who had given her telephone number to the victim's daughter. The parties agree that Salafia contacted Peters more than once prior to [the plaintiff's] arrest. While the parties dispute the degree to which Peters was evasive or hostile, it is undisputed that Peters did not tell Salafia that Turner was the perpetrator until after [the plaintiff's] arrest. . . . It is also undisputed that Salafia did not include the unsuccessful attempts to talk to Peters in the affidavit in support of his application for an arrest warrant, that he did not talk to the bar staff working on the night of the incident, that he was unable to speak

to the plaintiff, and that he did not indicate otherwise to the judge reviewing the warrant application."

"The failure to investigate a matter fully, to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence rarely suggests a knowing or reckless disregard for the truth. . . . To the contrary, it is generally considered to betoken negligence at most." (Citations omitted; internal quotation marks omitted.) *Beard* v. *Northglenn*, 24 F.3d 110, 116 (10th Cir. 1994). Whatever information could have been given to the warrant judge that was not provided would not alter a reasonable belief in probable cause, especially when balanced against two eyewitnesses.

Salafia's belief in probable cause to arrest was objectively reasonable; there were no material misstatements or omissions that would detract from an objective belief in probable cause and these circumstances support a finding of immunity for Salafia and the city by the trial court. We conclude that the plaintiff failed to demonstrate that the trial court improperly granted summary judgment.

On the appeal, the judgment is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.