[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #131 AND #133
The plaintiffs, Zaky and Gale Rehim, filed a revised nineteen-count complaint on November 27, 1996 against Kimberly Clark Corporation, Philip F. Spillane and Baker, Moots and Pellegrini, P.C. The plaintiffs allege claims for abuse of process by Kimberly Clark Corporation ("Kimberly") in count four and by Philip Spillane ("Spillane") and Baker, Moots and Pellegrini ("Baker") in count thirteen. Count six purports to state a claim for false imprisonment of the plaintiff, Zaky Rehim ("Zaky"), against Kimberly. The plaintiff, Gale Rehim ("Gale"), alleges negligent infliction of emotional distress by Kimberly in count eight and by Spillane and Baker in count seventeen.
On December 13, 1996, the defendants, Spillane and Baker filed a motion to strike counts twelve, thirteen and seventeen. The defendant, Kimberly, filed an amended motion to strike counts three, four, six and eight of the plaintiffs' revised complaint on January 10, 1997. As required by Practice Book § 155, the defendants filed memoranda in support of their motions to strike.
On January 28, 1997, the plaintiffs filed a memorandum in opposition to Kimberly's amended motion to strike in which the plaintiffs withdrew count three of the revised complaint. The plaintiffs also filed a memorandum in opposition to Spillane and Baker's motion to strike, on January 28, 1997, in which the plaintiffs withdrew count twelve of the revised complaint. On February 10, 1997, the defendants' motions to strike were denied and the court granted the plaintiffs' request to amend counts eight and seventeen of the plaintiffs' revised complaint. The plaintiffs filed objections to the defendants' motions to strike on February 20, 1997. The order denying Kimberly's amended motion to strike was vacated on March 7, 1997.[1] Kimberly filed a reply to the plaintiffs' opposition memorandum on April 4, 1997. Spillane and Baker filed a reply to the plaintiffs' opposition memorandum on May 23, 1997.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 11761 state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "[T]he moving party admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , supra,240 Conn. 580. "If the well pleaded facts fail to support a cause of action, the motion to strike [is] properly granted." Murray v.Commissioner of Transportation, 31 Conn. App. 752, 754,626 A.2d 1328 (1993).
I. Counts Four and Thirteen
In the fourth count, the plaintiffs allege a claim of abuse of process against Kimberly. In the thirteenth count, the plaintiffs allege the same claim against Spillane and Baker. The defendants argue that counts four and thirteen of the plaintiffs' revised complaint should be stricken on the ground of legal insufficiency.
The defendants' motions to strike counts four and thirteen are granted because the plaintiffs have failed to state a claim for abuse of process. The revised complaint contains no facts evidencing "specific misconduct intended to cause specific injury [to the plaintiffs] outside of the normal contemplation of private litigation." Mozzochi v. Beck, supra, 204 Conn. 490, 497,529 A.2d 171 (1987). Further, the plaintiffs fail to allege that the improper use of the legal process was a primary rather than an incidental intention of the defendants. Id., 494. "The existing case law demonstrates that there is no bright line that clearly distinguishes between the ends ordinarily associated with litigation and the ulterior purpose that the tort of abuse of process is intended to sanction. Much turns on the specificity of the pleadings." Mozzochi v. Beck, supra, 204 Conn. 496. Although the plaintiffs have attempted to supply additional facts in their memorandum in opposition, "the court is limited to the facts alleged in the complaint in ruling on a motion to strike."Faulkner v. United Technologies Corp. , supra, 240 Conn. 580.
The plaintiffs' contend that they "need not allege or prove that the deposition of Mr. Rehim was not used to accomplish any legitimate purpose or that it was used solely to gather CT Page 11762 information concerning whether he had committed a crime." (Plaintiffs' Opposition Memorandum, p. 3). The revised complaint, however, merely states that Kimberly, Spillane and Baker "intended to use the deposition [of Zaky] to accomplish an ulterior motive. [The defendants] intended to and did use this process to further the criminal proceeding against Zaky." (Revised Complaint, Fourth Count, ¶ 5 and Thirteenth Count, ¶ 5). "[T]he fact that there existed an incidental motive of spite or an ulterior purpose of benefit to the defendant is not sufficient to constitute a cause of action for abuse of process." (Internal quotation marks omitted.) Jackson v. R.G. Whipple,225 Conn. 705, 770, 627 A.2d 374 (1993). Accordingly, the defendants' motions to strike is granted.
II. Count Six
The sixth count purports to state a claim for false imprisonment of the plaintiff, Zaky, against Kimberly. Kimberly argues that the false imprisonment claim should be stricken because "such a claim does not lie where proper legal authorities, rather than the defendant, physically detain the plaintiff." (Amended Motion to Strike, p. 2). According to Kimberly, the sixth count is legally insufficient because a state investigator, not Kimberly, physically arrested and detained Zaky.
Kimberly's motion to strike count six is granted. The plaintiff, relying on Green v. Donroe, 186 Conn. 265,440 A.2d 973 (1982), contends that Kimberly is liable for false imprisonment because it knowingly gave the police incorrect, incomplete or misleading information that resulted in Zaky's arrest. (Plaintiff's Memorandum in Opposition, pp. 9-10). Green, however, is distinguishable because the plaintiff in that case was not detained pursuant to an arrest warrant. In this case, Zaky was arrested by the police pursuant to an arrest warrant. "[N]early 180 years ago, our Supreme Court . . . held that there was no cause of action for false imprisonment if the plaintiff was arrested pursuant to a valid arrest warrant." (Citations omitted.) Outlaw v. City of Meriden, 43 Conn. App. 387, 392,682 A.2d 1112, cert. denied, 239 Conn. 946, 686 A.2d 122 (1996). "The rule has been followed through the years . . . and continues to be the law of the jurisdiction." (Citations omitted.) Id.
The plaintiffs do not allege that the arrest warrant was deficient, invalid or improperly obtained. "Accordingly, [the CT Page 11763 court] must assume it to have been valid on its face." Outlaw v.City of Meriden, supra, 43 Conn. App. 393. At oral argument, the plaintiffs argued that "there was an obvious irregularity on the face of the warrant." Id. Although the plaintiffs' revised complaint stated that "the information the defendant and its agents gave to the prosecuting authority, relative to the criminal proceedings/investigation, was false," the plaintiffs have not pleaded any facts regarding irregularity on the face of the warrant. (Revised Complaint, Sixth Count, ¶ 5). Therefore, Kimberly's motion to strike the false imprisonment claim is granted.
III. Counts Eight and Seventeen
The plaintiff, Gale, alleges negligent infliction of emotional distress against Kimberly in count eight and against Spillane and Baker in count seventeen. The defendants argue that counts eight and seventeen of the plaintiffs' revised complaint should be stricken because the plaintiffs have not alleged facts sufficient to establish a duty owed by the defendants to Gale and have failed to allege each of the elements of a claim for negligent infliction of emotional distress.
The motion to strike counts eight and seventeen is granted because the plaintiffs have not pleaded sufficient facts to establish a duty running from the defendants to Gale. The plaintiffs have fulfilled their burden of pleading that "the defendant[s] should have realized that [their] conduct involved an unreasonable risk of causing emotional distress and that distress . . . might result in illness or bodily harm." Parsonsv. United Technologies Corp. , 243 Conn. 66, 88, ___ A.2d ___ (1997).[2] However, "[w]here there is no duty, there can be no actionable negligence." Frankovitch v. Burton, 185 Conn. 14, 20,440 A.2d 254 (1981). "[T]he determination of whether a duty exists between individuals is a question of law." Jaworski v.Kiernan, 241 Conn. 399, 404, 696 A.2d 332 (1997). "Only if a duty is found to exist does the trier of fact go on to determine whether the defendant has violated that duty." Id., 404-05. "`A duty of care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act.'" O G Industries, Inc. v. New Milford,29 Conn. App. 783, 790, 617 A.2d 938 (1992), quoting Coburn v. LenoxHomes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). "The CT Page 11764 ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised . . . ." (Internal quotation marks omitted.) Jaworskiv. Kiernan, supra, 241 Conn. 405.
The plaintiffs have failed to allege the existence of a legally recognized special relationship, statute or contract which would give rise to a duty of care." Further, the plaintiffs' revised complaint neither alleges that the defendants had any specific knowledge of Gale's existence, nor that the plaintiffs were married at the time of the defendants' alleged conduct. Therefore, the defendants could not have anticipated that "harm of the general nature of that suffered" was likely to result from their conduct. O G Industries, Inc. v. New Milford, supra, 29 Conn. App. 790.
Even if the plaintiffs had alleged facts sufficient to establish that the harm to Gale was foreseeable, this conclusion cannot by itself mandate a determination that a legal duty exists. Jaworski v. Kiernan, supra, 241 Conn. 406. "The final step in the duty inquiry . . . is to make a determination of `the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results.'" Id., quoting RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 385-386,650 A.2d 153 (1994).
The plaintiffs argue that "society is prepared to recognize that the duty claimed in the present case ought to exist." (Plaintiff's Opposition Memorandum, p. 9, citing Doe v. Cuomo,43 Conn. Sup. 222, 239, 649 A.2d 266 (1994)). "The only connection, [however], between the defendants and Gale is that her husband is a Kimberly Clark employee." (Kimberly's Memorandum, p. 11). The complaint does not allege that Zaky was anything other than an at will employee of Kimberly. "Where an employment contract is terminable at will, it is difficult to see where a duty of care would arise between [the employer and the employee], the breach of which would constitute actionable negligence." Wormley v. BlueCross Blue Shield, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 314088 (November 23, 1992, Thompson, J.). The fundamental policy of the law would not require that the defendants' responsibility extend even further to encompass the spouse of an employee. Further, insufficient facts have been alleged to establish a duty by the defendants to Gale. The plaintiffs have thus failed to allege a necessary element of a claim for negligent infliction of emotional CT Page 11765 distress. The defendants' motions to strike counts eight and seventeen are granted.
The plaintiffs have failed to allege facts sufficient to state causes of action for abuse of process, false imprisonment or negligent infliction of emotional distress. Accordingly, the motions to strike counts four, six, eight, thirteen and seventeen of the plaintiffs' revised complaint are granted.
STODOLINK, J.