On June 20, 1998, the defendant, police officer James Veiga, was investigating the theft of a vehicle in the area of 165 Franklin Street in Norwich. The plaintiff, Christie Marceau, and her grandson were assisting Veiga by indicating the direction in which they had seen the vehicle traveling. When the plaintiff raised her arm to point in that direction, the police dog held on a leash by Veiga bit the plaintiff in her thigh, injuring her.
The plaintiff filed a six count complaint dated November 2, 1998. The first and second counts allege violation by the named defendant city of Norwich (the city) and defendant Veiga respectively, of General Statutes § 22-357[1]
which imposes on the owner or keeper of a dog strict liability for damage done by the dog. The third *Page 199 
and fourth counts allege negligence by the city and Veiga respectively. The fifth and sixth counts allege wanton and reckless conduct by the city and Veiga respectively.
The defendants filed an answer and two special defenses on January 21, 1999. In their first special defense, which is the only one relevant to the present motion, the defendants allege that the plaintiff's claims are barred by governmental immunity. On August 5, 1999, the defendants filed a motion for summary judgment on the ground that they are entitled to governmental immunity as a matter of law, pursuant to General Statutes § 52-557n (a)(2)(B) and the common law.
 II DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Doucette v. Pomes, 247 Conn. 442, 452, 724 A.2d 481
(1999). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24,727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Summary judgment in *Page 200 
favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Citation omitted; internal quotation marks omitted.) Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999). A party raising the special defense of governmental immunity may properly bring a motion for summary judgment on that basis. See Outlawv. Meriden, 43 Conn. App. 387, 395, 682 A.2d 1112, cert. denied, 239 Conn. 946, 686 A.2d 122 (1996).
The defendants argue that they are immune at common law and under § 52-557n (a)(2)(B). The plaintiffs respond that § 22-357 expressly provides that the only defenses to owner or keeper liability for damage caused by a dog are trespass or other tort, and teasing, tormenting, or abuse of the dog. According to the plaintiffs, the silence of § 22-357 as to governmental immunity indicates the legislature's intent not to allow that defense in actions brought under the statute.
While Gregory v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV97341425S (April 29, 1999) (5 C.S.C.R. 588) (Skolnick,J.) does in fact stand for the proposition advanced by the plaintiff, this court respectfully disagrees with that opinion. The Supreme Court has expressly held that defenses to § 22-357 are not limited to those mentioned in the text of the statute itself. See Squegliav. Squeglia, 234 Conn. 259, 270, 661 A.2d 1007 (1995) (recognizing that the doctrine of parental immunity applies to § 22-357). That being the case, the court now must determine whether the doctrine of governmental immunity applies to any of the complaint's six counts as a matter of law.
"A municipality itself was generally immune from liability for its tortious acts at common law . . . but its employees faced the same personal tort liability as *Page 201 
private individuals." (Citation omitted.) Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 165,544 A.2d 1185 (1988). "[A] municipal employee [now] has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.) Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989).
The Supreme court has also "adopted the public duty doctrine, which [provides] even more immunity to public officials. . . . [I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages." (Citations omitted; internal quotation marks omitted.) Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 166.
The defendants argue that as a matter of law, they were engaged in a public duty rather than a private duty, because police operations and performance of law enforcement functions involves a public duty. The Supreme Court has indicated that this is true as a general matter: "`[I]t is firmly established that the operation of a police department is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality. . . . [T]he failure to provide, or the inadequacy of, police protection usually does not give rise to a cause of action in tort against a city.' 18 E. McQuillin, Municipal Corporations (3d Ed.) § 53.51." Gordon v. *Page 202 Bridgeport Housing Authority, supra, 208 Conn. 180. The plaintiff in Gordon, however, was suing for injuries caused by a beating that the plaintiff argued would have been prevented by a decision to deploy more police officers at a particular apartment complex. Id., 179. This is clearly the kind of discretionary duty to the public that gives rise to governmental immunity.
In the present case, however, the plaintiff was directly injured by a police dog while assisting the police officer in his law enforcement activities; she was not injured by a criminal act that the police failed to prevent as a result of policy decisions regarding the deployment of officers. Under these circumstances, a special private duty to the plaintiff arose, in addition to the general public duty. "[I]f officials request aid from the public to apprehend criminals, a reciprocal duty arises to protect each person who aids them from foreseeable harm resulting from such assistance." Shore v. Stonington,187 Conn. 147, 155, 444 A.2d 1379 (1982). Because the circumstances of the present case gave rise to a private duty, distinct from the general public duty to perform police services, the doctrine of governmental immunity does not apply. Once it is determined that a duty exists, the question of whether that duty has been breached is one for the finder of fact. Jaworski v. Kiernan,241 Conn. 399, 404-405, 696 A.2d 332 (1997). Therefore, an issue of material fact exists and summary judgment is inappropriate.
The plaintiff argues furthermore that even if the present case involves only public or discretionary duties, exceptions to the doctrine of governmental immunity should defeat the motion for summary judgment. "Policy considerations have also resulted in the establishment of certain exceptions which provide that an individual cause of action may be brought against an official for breach of duty without regard to whether the duty is technically a public or private one. . . . *Page 203 
[W]here the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal. . . . One exception is when it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm. . . . Another exception is where a statute may specifically provide for a cause of action against an official or a municipality for failure to enforce certain laws, such as those designed to prevent disturbances of the peace by riotous assemblies. . . . A third exception to the general rule is where the complaint alleges an action involving malice, wantoness or intent to injure, rather than negligence." (Citations omitted; internal quotation marks omitted.) Gordon v. BridgeportHousing Authority, supra, 208 Conn. 166-67.
The third exception clearly applies to the fifth and sixth counts of the complaint. In those counts, the plaintiff has alleged wanton conduct on the part of the defendants. Because there is no governmental immunity where a complaint alleges malice, wantoness or intent to injure, the motion for summary judgment on the basis of immunity is denied as to counts five and six.
The plaintiffs further argue that the first exception mentioned above applies to the present case because it was clear to Veiga that his failure to restrain the dog would result in imminent harm to the plaintiff, an identifiable person. The defendants claim that Veiga was unaware of the plaintiff's presence, while the plaintiff's affidavit and Veiga's police report contradict this assertion. Whether it is apparent to a defendant that his act or failure to act subjects an identifiable person to imminent harm is a question of fact. Gregory v.Bridgeport, supra, 5 C.S.C.R. 590; Tryon v. North Branford,
Superior Court, judicial district of New London, Docket No. 539713 (December 16, 1998, Mihalakos, J.); *Page 204 Gooden v. Thomas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV950322849 (January 28, 1998, Maiocco, J.); see also Evon v. Andrews,
supra, 211 Conn. 507 (where there is conflicting evidence on the issue of imminence of harm, trial court should submit case to jury.)
 III CONCLUSION
Because the plaintiff was involved in assisting the defendants in apprehending criminals, the defendants owed the plaintiff a private duty, thus rendering governmental immunity inapplicable. In addition, because the fifth and sixth counts of the plaintiff's complaint allege wanton and reckless conduct, the motion for summary judgment must be denied on those counts. There is also a genuine issue of material fact as to whether it was apparent to defendant Veiga that an identifiable person was subjected to imminent harm, providing an additional basis for denial of the motion. Accordingly, the motion for summary judgment is denied as to all counts of the complaint.