[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109)
The defendants move for summary judgment on the second count of the plaintiff's complaint on the ground that the defendants have qualified governmental immunity. Questions of material fact exist as to whether it was apparent to the defendants that their failure to act subjected the plaintiff to imminent harm and whether the plaintiff was an identifiable person. Therefore, the defendants' motion for summary judgment as to count CT Page 13845 two of the complaint is denied.
 FACTS
On May 17, 2000, the plaintiff, Catherine Kokinchak, filed a two count revised complaint against the defendants for damages that resulted from a dog bite that occurred on December 9, 1997. According to the complaint, two dogs, owned by the defendants John Ratnecht and Lisa Dowling, attacked and bit the plaintiff. The plaintiff alleges in count two of her complaint that the defendants, Michael Martin, Bruce Rinehart, William Nott, Jr., Tyrone Baskett and the City of New London, were negligent in that: "(a) they knew or should have known of the propensity of the dogs viciousness and their propensity to attack as numerous complaints had been made previously by the plaintiff and other individuals to the New London Police Department and to the dog warden of the City of New London; (b) they failed to warn the plaintiff and other pedestrians of the ferociousness and propensity of the dogs to attack pedestrians and other citizens of the City; (c) they failed to issue a ticket and/or require the owners to keep their dogs from roaming the public sidewalks and streets of the City of New London when they knew or should have known of the propensity of the dogs to attack citizens."
On April 18, 2000, the defendants, Michael Martin, Bruce Rinehart, William Nott, Jr., Tyrone Baskett and the City of New London, filed an answer and the special defense of qualified immunity. On May 18, 2000, the defendants, Michael Martin, Bruce Rinehart, William Nott, Jr., Tyrone Baskett and the City of New London, filed a motion for summary judgment as to count two of the plaintiff's complaint.[1] The defendants also filed a memorandum in support of their motion. The plaintiff filed an objection to the motion for summary judgment and a memorandum on July 11, 2000. The defendants filed a reply to the plaintiff's objection on July 20, 2000.
 DISCUSSION
Pursuant to Practice Book § 17-45, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385, ___ A.2d ___ (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." CT Page 13846Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The party seeking summary judgment has the burden of showing the absence [of] any genuine issue of material facts. (Citations omitted; internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998). "[T]he movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363, 373
n. 7, 746 A.2d 753 (2000).
"[T]he party moving for summary judgment . . . is required to support its motion with supporting documentation, including affidavits." HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756, 796,653 A.2d 122 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty, 235 Conn. 185,202, 663 A.2d 1001 (1995). "If the moving party has not submitted an affidavit, a motion for summary judgment should not be granted." Statev. Pilot's Point Marina, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524620 (November 2, 1994,Hennessey, J.); see also Dutra v. Longobardi, Superior Court, judicial district of New Haven at New Haven, Docket No. 350425 (January 16, 1997,Gray, J.) (plaintiff presented no documentation or affidavits to establish that she was employed by the intervening plaintiff at the time of the alleged accident and the motion for summary judgment was denied). Yet, the "failure to file documentation supporting the motion, though it may impact upon its effectiveness, does not render it per se defective. . . ." (Internal quotation marks omitted.) Gattoni v. White, Superior Court, judicial district of New London at New London, Docket No. 528438, (June 15, 1994, Hurley, J.). Where neither party has filed any supporting documentation the court may decide the motion on the merits. Barone v.Schuster Express, Inc., 2 C.S.C.R. 315 (February 4, 1987, Schaller, J.).
The defendants move for summary judgment on the ground that the individual defendants have qualified immunity as municipal employees and that the City of New London is not liable for the actions of the city employees. "[M]unicipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion." Elliott v. City of Waterbury, 245 Conn. 385,411, 715 A.2d 27 (1998). "[A] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts . . . governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . CT Page 13847 ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion. . . ." (Citations omitted; internal quotation marks omitted.) Id. "[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." Purzycki v. Fairfield, 244 Conn. 101, 107, 708 A.2d 937
(1998).
The Connecticut Supreme Court has recognized three exceptions to the qualified immunity of municipal employees: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Purzyckiv. Fairfield, supra, 244 Conn. 108. The "identifiable person/imminent harm" exception has been applied "not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Id.
In determining the scope of the foreseeable victim exception, "courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim."Burns v. Board of Education, 228 Conn. 640, 647, 638 A.2d 1 (1994). "[T]he test for the imminent harm exception is whether there was a foreseeably dangerous condition that was limited in duration and geographical scope." Lachance v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 148936 (February 29, 2000,Doherty, J.). "In a cause of action presented under the imminent harm to an identifiable person exception to the rule of governmental immunity for discretionary acts, the court must determine, as a threshold requirement, whether the public official should have been aware that his action or inaction would subject an identifiable person to imminent harm." Purzycki v. Fairfield, supra, 244 Conn. 116.
The Supreme Court has repeatedly held that the question of whether imminent harm exists is a factual issue for the jury to determine. SeeEvon v. Andrews, 211 Conn. 501, 507, 559 A.2d 1131 (1989); Shore v.Stonington, 187 Conn. 147, 153, 444 A.2d 1379 (1982); Sestito v. Groton,178 Conn. 520, 528-29, 423 A.2d 165 (1979). "Whether it is apparent to a defendant that his act or failure to act subjects an identifiable person to imminent harm is a question of fact." Marceau v. Norwich,46 Conn. Sup. 197, 203 (1999). See also Stracener v. South CentralConnecticut Regional Water Authority, Superior Court, judicial district CT Page 13848 of New Haven at New Haven, Docket No. 404809 (March 21, 2000, Delvin, J.) (court denied the motion for summary judgment where the issue of whether a failure to act would subject an identifiable person to imminent harm was found to be a question of fact for the jury); Dube v. Bye, Superior Court, judicial district of New Haven at New Haven, Docket No. 418259 (December 13, 1999, Zoarski, J.) (whether leaving seventh grade students unattended subjects them to imminent harm is a question of fact for the jury to determine); Daley v. McClintock, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050415 (October 28, 1999, Grogins, J.) (court could not determine as a matter of law that the plaintiff was not an identifiable victim, subject to imminent harm, and accordingly did not find as a matter of law that the officers or the municipality were immune from liability); Brown v. Dooling, Superior Court, judicial district of Ansonia/Milford, Docket No. 032598S (August 14, 1995, Skolnick, J.) (motion for summary judgment was denied because the court found that there were facts in dispute as to whether plaintiff was an identifiable person as a result of a call to the police).
In this case, the defendants, as the moving party, have the burden of showing the absence of any genuine issue of material fact. Hertz Corp.v. Federal Ins. Co., supra, 245 Conn. 381. Additionally, the defendants are required to support their motion with supporting documentation.Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, supra,231 Conn. 796. The defendants in this case have not supported their motion for summary judgment with any affidavits or other documentation. Although the defendants' failure to file any supporting documentation could result in a denial of the motion based on procedural grounds, since the plaintiff also did not file any supporting documentation with her objection, the court will look at the merits of the matter. State v.Pilot's Point Marina, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524620 (November 2, 1994,Hennessey, J.).
The plaintiff concedes that any duty owed by the defendants to the plaintiff was discretionary, not ministerial in nature.[2] (Plaintiff's objection memorandum, p. 3). As the plaintiff has conceded that the defendants' duty of care was discretionary, the question becomes whether the plaintiff's claim against the defendants falls within one of the recognized exceptions to qualified immunity. The relevant exception to qualified immunity in this case is the "identifiable person/imminent harm" exception.
The plaintiff alleges that she complained to the New London police department and the New London dog warden about the dogs prior to her attack. The plaintiff argues that the prior notification to the defendants of the viciousness of the dogs made the defendants aware that CT Page 13849 any failure to act would subject an identifiable person to imminent harm. The plaintiff argues further that "as a result of filing a complaint less than two weeks prior to the actual attack, she became an identifiable victim in imminent harm." (Plaintiff's objection memorandum, p. 4).
The defendants argue that the plaintiff does not fall into the exception to qualified immunity because the plaintiff was not in imminent harm. The defendants argue that "the risk to the plaintiff was not limited in duration, scope, geography and it was not a temporary condition" and that "the dog bite could have occurred at any future time or not at all." (Defendants' reply memorandum to the plaintiff's objection, p. 6).
There is a genuine issue of material fact as to whether it was apparent to the defendants that their failure to warn the plaintiff, ticket and/or require the owners to keep their dogs from roaming the streets would result in imminent harm to the plaintiff. Whether imminent harm existed for the plaintiff in this case is therefore a factual issue for the jury to determine. Moreover, the defendants have not submitted any supporting documentation for their arguments, thus, the defendants have not met their burden of showing an absence of material fact. Viewing the evidence in the light most favorable to the non moving party, the pleadings present a genuine issue of a material fact. Therefore, the defendants' motion for summary judgment on count two of the plaintiff's complaint is hereby denied.
D. Michael Hurley, Judge Trial Referee