[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Cathy L. Robbins, individually and in her capacity as the administratrix of the estate of Eric G. Robbins (decedent), brings this action for damages against the defendants, Daniel Sitkiewicz, John R. McLay and the City of Waterbury (City).
The plaintiff alleges in her complaint that Sitkiewicz was driving the decedent's vehicle on September 20, 1997. The decedent was a passenger in the automobile. At approximately 2 am., Sitkiewicz lost control of the vehicle and crashed, killing the decedent. The plaintiff further avers that McLay, a police officer employed by the City, was assigned to investigate the accident. Sitkiewicz was found trapped in the driver's seat of the vehicle and had to be extricated from the automobile by emergency personnel. McLay's official police investigation report concluded, however, that the decedent was the operator of the vehicle and was the cause of his own death. The investigation was reopened after the plaintiff personally conducted an investigation and persuaded the office of the state's attorney in the judicial district of Waterbury to reconsider the case. The plaintiff also alleges that Sitkiewicz was subsequently tried and convicted for his role in the accident and death of the decedent.
The plaintiff commenced the present action by service of process on Sitkiewicz, the City and McLay on August 28, 1999, September 2, 1999 and September 15, 1999 respectively. The first four counts of the complaint CT Page 5823 are directed at Sitkiewicz. The court, Holzberg, J., struck counts two and four on April 3, 2000. The fifth count avers that McLay, and by implication, the City, were negligent in conducting the initial investigation and should have known that McLay's conduct would cause the plaintiff to suffer emotional distress.
On February 20, 2001, the court, Pittman, J., granted the City and McLay permission to file a motion for summary judgment if done so by March 13, 2002. On March 12, 2002, the City and McLay filed a motion for summary judgment on the basis that the claims against them are barred by the doctrine of governmental immunity. The motion was accompanied with a supporting memorandum of law pursuant to Practice Book § 11-10. On March 26, 2002, the plaintiff filed her memorandum in opposition. The City and McLay subsequently filed a reply brief on March 27, 2002.
 DISCUSSION
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in a light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co.,248 Conn. 195, 201, 727 A.2d 700 (1999). "A party raising the special defense of governmental immunity may properly bring a motion for summary judgment on that basis." Marceau v. Norwich, 46 Conn. Sup. 197, 200,746 A.2d 836 (1999).
 I
Although the parties did not brief this issue, the court will first consider whether the plaintiff may raise a common law negligence claim against the City and McLay. "[I]t is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function. . . . This court has previously stated that [a] municipality itself was generally immune from liability for its tortious acts at common law. . . . We have also recognized, however, that governmental immunity may be abrogated by statute. Thus, the general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." (Citations omitted; internal quotation marks omitted.)Williams v. New Haven, 243 Conn. 763, 766-67, 707 A.2d 1251 (1998). Accordingly, the plaintiff must raise her reliance on a statute abrogating or limiting governmental immunity at some point in the proceeding. Colon v. New Haven, 60 Conn. App. 178, 188 n. 4, 758 A.2d 900, CT Page 5824 cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000).
In the present case, the plaintiff's claim against the defendants sounds in negligence. The plaintiff does not rely on any statute, such as General Statutes § 13a-149 or § 52-557n, in her attempt to attach liability to the City. Moreover, the plaintiff does not seek indemnification, pursuant to General Statutes § 7-465 and § 7-308, by the City on behalf of McLay, who allegedly incurred liability in carrying out his official duties. The plaintiff's failure to cite any statutory authority abrogating the defendants' governmental immunity serves as a basis for granting summary judgment in favor of the defendants McLay and the City.
 II
Notwithstanding the preceding analysis, the court will also address the parties' arguments. The defendants argue that McLay's conduct constituted a discretionary act and, therefore, governmental immunity bars any claim against either the City or McLay. The defendants further contend that this is a question of law well within the province of the court to decide upon a motion for summary judgment. The plaintiff argues in opposition that she falls within the imminent harm exception to the doctrine of governmental immunity and, moreover, that this is a question for the trier of fact to resolve.
In deciding whether an action is barred by the doctrine of governmental immunity, "the court looks to see whether there is a public or private duty alleged by the plaintiff." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages. . . ." (Citations omitted; internal quotation marks omitted.) Id., 166. "If a public duty exists, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applies." Id., 170.
"[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordon v. Bridgeport Housing Authority, supra,208 Conn. 170. "The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal CT Page 5825 employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Internal quotation marks omitted.) Purzycki v. Fairfield, 244 Conn. 101, 107,708 A.2d 937 (1998). "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 167-68.
"[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the jury." (Internal quotation marks omitted.) Purzycki v. Fairfield, supra,244 Conn. 107-08. While there are some disputed factual issues in this case, they are not germane to a defense of governmental immunity. In her complaint, the plaintiff alleges that McLay was an officer in the Waterbury police department and that he was assigned to investigate the automobile accident that resulted in the death of the decedent. (Complaint, ¶¶ 5-7.) The defendants do not dispute these facts and admitted to as much in their answer. (Answer, Count Five, ¶ 2.) Accordingly, the propriety of the asserted governmental immunity defense is a question of law for the court.
"[I]t is firmly established that the operation of a police department is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality. . . ." (Internal quotation marks omitted.) Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 180. "The Superior Court has consistently held that acts or omissions of police officers in the exercise of their duties are discretionary in nature." Peters v.Greenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147192 (Jan. 2, 2001, D'Andrea, J.) (28 Conn.L.Rptr. 674); Shaham v. Wheeler, Superior Court, judicial district of Danbury, Docket No. 321879 (March 12, 1998,Nadeau, J.); Iulo v. Milford, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031055 (December 21, 1990, Fuller, J.) (3 Conn.L.Rptr. 66) The Superior Court has also determined that "[t]he investigation of crimes and the decisions to make arrests for them is clearly a discretionary rather than a ministerial function." Gonzalez v.Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 253464 (June 4, 1993, Fuller, J.). CT Page 5826
The above mentioned authority leads the court to conclude that the investigation conducted by McLay was a discretionary act and, therefore, the defense of governmental immunity attaches. This determination does not, however, end the court's inquiry. "The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131 (1989).
The only relevant exception to governmental immunity in this case is the exception permitting a tort action in circumstances of likely imminent harm to an identifiable person. Our Supreme Court has "construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." (Internal quotation marks omitted.) Purzycki v. Fairfield, supra, 244 Conn. 108. "The `discrete person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evon v. Andrews,
supra, 211 Conn. 507.
"In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. . . . Other courts, in carving out similar exceptions to their respective doctrines of governmental immunity, have also considered whether the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts . . . whether the relationship was of a voluntary nature . . . the seriousness of the injury threatened . . . the duration of the threat of injury . . . and whether the persons at risk had the opportunity to protect themselves from harm." (Citations omitted.) Burnsv. Board of Education, 228 Conn. 640, 647-48, 638 A.2d 1 (1994).
"[T]he test for the imminent harm exception is whether there is a foreseeably dangerous condition that [is] limited in duration and geographical scope." (Internal quotation marks omitted.) Peters v.Greenwich, supra, 28 Conn.L.Rptr. 671 (quoting Purzycki v. Fairfield,
supra, 244 Conn. 110). In the present case, the plaintiff argues that an investigating officer who erroneously concludes that a decedent was the CT Page 5827 cause of his own death imminently harms the decedent's parent. The plaintiff does not, however, allege the existence of a dangerous condition that subjected her to immediate and significant harm. The court concludes that the plaintiff was not subject to imminent harm as a matter of law.
The plaintiff's claim against McLay and the City is barred by the doctrine of governmental immunity because the plaintiff failed to cite statutory authority abrogating the defendants' immunity and because the facts do not trigger the imminent harm exception to the doctrine. The motion for summary judgment is granted as to the fifth count.
WOLVEN, J.