MEMORANDUM OF DECISION ON DEFENDANT’S MOTION FOR SUMMARY JUDGMENT

WILSON, J,

FACTS

The plaintiffs amended complaint alleges that on October 4, 2006, the plaintiff was a patron at the Mohegan Sun Casino operated by the defendant. While walking in the Sky Casino descending the Grand Staircase, she was caused to fall down the stairs and was injured. She claims the defendant was negligent in one or more of the following respects:
“a. The defendant, its agents, servants or employees were inattentive and failed to keep a reasonable and proper lookout for defects on the stairs.
b. The defendant, its agents, servants or employees failed to use a non-slip surface on the stairs.
c. The defendant, its agents, servants or employees failed to apply non-slip material on the stairs due to their excessive slipperiness.
d. The defendant, its agents, servants or employees failed to inspect the stairs for defects, such as an unreasonably slippery surface.
e. The defendant, its agents, servants or employees failed to post warning signs of defects on the stairs, including the unreasonably slipperiness of the stairs.
f. The defendant, its agents, servants or employees failed to properly warn of the slipperiness of the floor when they knew or should have known that a dangerous situation was created by said slipperiness.
g. The defendant, its agents, servants or employees allowed the stairs to become unreasonably dangerous due to their excessive use which caused an unreasonably slippery walking surface.
h. The defendant, its agents, servants or employees failed to provide adequate handrails for the stairs.
i. The defendant, its agents, servants or employees failed to provide adequate lighting in the subject area where the plaintiff fell.
j. The defendant, its agents, servants or employees failed to properly maintain the premises, including the area where the plaintiff fell.
k. The defendant, its agents, servants or employees failed under all the circumstances then and there existing to take reasonable precautions to avoid the probability of harm to the plaintiff.
l. The defendant, its agents, servants or employees failed to properly train its agents, servants or employee in the safe and proper maintenance and inspection of the premises, to ensure that the stairs were not slippery, that there were adequate handrails, and that there was adequate lighting.
m. The defendant failed to repair the defective situations even though it had notice of the defects, to wit, slippery surface, defective handrails, and defective lighting.
n. The defendant negligently allowed the area open to the public even though it knew that the defects would cause injury to patrons.
*193 o. The defendant negligently allowed the area to be used by patrons when it was defective.
p. The defendant violated building code sections in that it used a building material for the stairs which was unreasonably slippery, or became unreasonably slippery with years of constant use, and it failed to provide handrails which complied with building codes, and it failed to provide adequate lighting.
q. The defendant constructed the staircase too wide such that while walking down the center of the staircase, the handrails are too far to grab in the event a person slipped and fell.”
The defendant denied the operative allegations of the complaint and affirmatively alleged that the plaintiff herself was comparatively negligent.
The defendant then moved for summary judgment arguing that there was no evidence of a specific defect which caused the plaintiffs injuries, no evidence of notice of any defect, and no evidence of proximate cause between any alleged defect and the plaintiffs injuries. The defendant submitted as exhibits the deposition of the plaintiff in which the plaintiff testified that she did not remember anything about the accident; a report of an expert witness that the lighting was well within the range required for walking surfaces; and a report of a second expert that the measurements of the steps are in compliance with the Tribal Building Code.
The plaintiff, in opposition to the motion, filed the following exhibits;
a. Exhibit 1—Backus Hospital Report 10/4/2006;
b. Exhibit 2—Backus Hospital Report 10/5/2006;
c. Exhibit 3—New Milford Hospital Discharge Report 10/29/2006;
d. Exhibit 4—Deposition Transcript Melissa White;
e. Exhibit 5—Deposition Transcript Joseph Pray;
f. Exhibit 6—Deposition Transcript Steve Caplowe;
g. Exhibit 7—Deposition Transcript Mary Merwin;
h. Exhibit 8—Deposition Transcript Robert Barrett;
i. Exhibit 9—Deposition Transcript Lois Barrett;
j. Exhibit 10—Reed vs, Ridgefield Auto ParklJ 2007 WL 1600009 [ (Conn.Super. May 16, 2007) ]; and
k. Exhibit 11—Hirsschbeck [Hirsch-beckj vs. Wright Medical Technology, IncfJ 2011 WL 1086942 [ (Conn.Super. Feb. 18, 2011) ].
Briefs were filed and oral argument was had. After consideration of the briefs, argument, and exhibits, the defendant’s motion is denied.

DISCUSSION

The defendant owed to the plaintiff, a business invitee at the casino, the duty of exercising reasonable care for the safety of the plaintiff. This encompasses the duty to provide adequate lighting. It has been held that “the lack or dimness of illumination on commercial premises would generally appear to be a factor to be taken into account by a jury in determining whether the premises owner had violated his duty of care to customers or invitees.” 62A Am.Jm\2d Premises Liability § 606.
The staircase in question is under the control of the defendant. It is therefore, a reasonable inference that the lighting or lack thereof, results from the conduct of the defendant’s agents. This case therefore does not involve an issue of constructive notice of a defect, inasmuch as *194 proof of notice is not required because the defendant is presumed to be on notice of the conduct of its own employees, cf. Lowenstein v. Mohegan Tribal Gaming Authority, 4 G.D.R. 128, 130, 10 Am. Tribal Law 259 (2011) (citations and quotation marks omitted.)

Standard For Summary Judgment

The Rules of Civil Procedure of this Court provide that a summary judgment may be rendered “if the pleadings and any other proof show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. Sec. 49. This court has often looked to Connecticut law which contains a similar provision. In Wallace v. Mohegan Tribal Gaming Authority, 2 G.D.R, 51, 5 Am. Tribal Law 295 (2004), Judge Eagan stated;
“Pursuant to Connecticut Practice Book § 17-49, Summary Judgment can be granted if the pleadings, affidavits and other documentary proof, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book § 17-49; Bartha v. Waterbury Home Wrecking Co., Inc. 190 Conn. 8, 11 [459 A.2d 115] (1983), Marcean v. Norwich, 46 Conn. Supp. 197, 200 [746 A.2d 836] (1999). In passing on a Motion for Summary Judgment, the trial court is to determine whether an issue of fact exists, but may not try that issue if it does exist. Dorazio v. M.D. Foster Electric Co., 157 Conn. 226, 228 [253 A.2d 22] (1968).
The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. Suarez v. Dickmont Plastics Corporation, 229 Conn. 99, 105 [639 A.2d 507] (1994) (quotations omitted). A material fact is a fact that will make a difference in the result of the ease. Yanow v. Teal Industries, Inc., 178 Conn. 262 [422 A.2d 311] (1979). “In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.” Appleton v. Board of Education, 254 Conn. 205, 209 [757 A.2d 1059] (2000). Summary judgment “is appropriate only if a fair and reasonable person could conclude only one way.” Miller v. United Technologies Corp., 233 Conn. 732, 751 [660 A.2d 810] (1995).
Once the moving party has presented evidence in support of the Motion for Summary Judgment, the opposing party must present evidence that demonstrates the existence of some material, disputed factual issue. Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A.2d 893 (1986). It is not enough for the opposing party merely to assert the existence of a disputed issue. Id., Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15, (1998). The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board of Education, supra, 254 Conn. at 209, 757 A.2d 1059.”
Of the exhibits presented by the plaintiff in opposition to the defendant’s motion, one is dispositive of this case, i.e., the deposition of one Melissa White. Ms. White testified that she was a patron at the casino and while looking towards the Grand Staircase, she saw the plaintiff fall from the lower steps. She was the first person to arrive at the accident site. She testified that the staircase where the plaintiff fell was “very dark”, in fact, so dark that when she and her friends were walking around in that area she did not even notice that there was a staircase there. *195 One thing that she noticed was that it was so dark that it was hard to see anything, and that the area where the plaintiff fell was “almost like a shadow kind of area.”
This evidence clearly demonstrates the existence of a material, disputed factual issue. Viewing the evidence in the light most favorable to the plaintiff, it would be a reasonable inference that the defendant failed to provide proper lighting, and that this was a proximate cause of the plaintiffs fall.
It is of course not the business of the Court to try that disputed issue at this time. It is sufficient to determine that the plaintiff has demonstrated the existence of a genuine issue of material fact.
Motion denied.